UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
WILLIAM BRIGGS, individually and on
Behalf of All Other Persons Similarly
Situated,

                              **MEMORANDUM OF**
                              **DECISION AND ORDER**

          Plaintiffs,                   06-0468 (DRH)(WDW)

   -against-

ARTHUR T. MOTT REAL ESTATE LLC,

          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**APPEARANCES:**

**LOCKS LAW FIRM, PLLC**
Attorneys for Plaintiff
110 East 55th Street, 12th Floor
New York, New York 10022
By: Seth R. Lesser, Esq.
     Fran L. Rudich, Esq.

**EPSTEIN, BECKER & GREEN, P.C.**
Attorneys for Defendant
250 Park Avenue
New York, New York 10177-1211
By: Peter M. Panken, Esq.
     David B. Feldman, Esq.
     Barbara Lee Ford, Esq.


**HURLEY, Senior District Judge:**

       On February 2, 2006, William Briggs ("Plaintiff" or "Briggs") commenced this action

individually and on behalf of all others similarly situated against Arthur T. Mott Real Estate LLC

("Defendant " or "Mott") asserting claims under section 216(b) of the Fair Labor Standards Act

1

("FLSA"), 29 U.S.C. § 216(b), and the New York Labor Law §§ 650 et seq. for unpaid wages for overtime work for which they did not receive overtime pay. The FLSA claims are brought as purported collective claims and the state law claims are brought as purported class action claims on behalf of similarly situated persons. Presently before the Court is Mott's motion to dismiss Briggs' claims pursuant to Rules 12(b) (1) and (6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

### BACKGROUND

The following facts are taken from the Amended Complaint and the documents submitted in connection with the motion to dismiss which are properly considered on a Rule 12 (b)(1) motion. *Phifer v. City of New York,* 289 F.3d 49, 55 (2d Cir. 2002).

Briggs was employed by Defendant from January 15, 2005 to September 29, 2005 as a non-exempt assistant mechanic. Briggs was paid an hourly wage of $10.00 per hour during his entire tenure with Mott. The number of hours worked by Briggs for each of the thirty-seven weeks of his employed with Mott are set forth in weekly time sheets submitted on the motion. According to these time sheets, Briggs worked a total of 205.5 overtime hours. He was paid at his straight time rate of $10.00 for these hours.

On February 2, 2006, Briggs filed the original complaint in this action. He brought the FLSA claims as a collective action on behalf of himself and other similarly situated current and former employees of Mott who elect to opt into this action who were non-exempt employees who did not receive overtime compensation for which they were entitled. To date, no persons have opted into the collective action. Additionally, Briggs asserts class claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of those similarly situated current and former

2

employees who are entitled to back wages for overtime for which they did not receive premium pay in violation of the New York Labor Law. No motion for class certification has yet been made.

On March 7, 2006, Mott presented Briggs with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure in the amount of $3,000.00 plus "reasonable attorney's fees, costs and expenses and reasonable expert fees actually incurred, to which Mr Briggs is entitled by law, in an amount to be determined by the Court." According to Defendant, the $3,000.00 exceeds any amount Briggs could recover. The most Briggs could recover for unpaid overtime is $1027.50 (205.5 hrs x $5.00). Added to that amount are liquidated damages in an equal amount, bringing the total to $2055.00. Briggs did not accept the offer.

Defendant then moved to dismiss the complaint, as amended, pursuant to Rules 12(b)(1) and (6). Defendant's argument is that its offer of full relief to Briggs moots his FLSA claim, thereby divesting this Court of subject matter jurisdiction and, given the absence of a federal claim, the Court should decline to exercise supplemental jurisdiction over the state claim.

## DISCUSSION

When faced with a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction, a court need not accept contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to matters outside the pleadings. *Phifer,* 289 F.3d at 55; *Ward v. Bank of New York,* 2006 WL 2925650 at *2 (S.D.N.Y. 2006). As the party invoking this court's jurisdiction, Plaintiff has the burden of demonstrating subject matter jurisdiction. *Id.* (citing *Aurecchione v. Schoolman Transp. Sys, Inc.,* 426 F.3d 635, 638 (2d Cir. 2005).

Under the FLSA, an employer is required to pay its employees at a rate not less than one

3

and one half times the employee's regular rate for all hours worked in excess of forty hours per week. 29 U.S.C. §207(a). Any employer who fails to satisfy the overtime pay requirement is liable for the unpaid overtime plus liquidated damages in the amount of the unpaid wages, together with reasonable attorney's fees and costs. *Id* at §216(b).

Article III, Section 2 of the United States Constitution limits the jurisdiction of federal courts to "actual cases and controversies." *Central States Southeast and Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care L.L.C.,* 433 F.3d 181, 198 (2d Cir. 2005); *Jefferson v. Abrams*, 747 F.2d 94, 96 (2d Cir. 1984). "When the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome,' the case is moot." *Id.* When a defendant offers all that a plaintiff could hope to recover through litigation, "there is no justification for taking the time of the court and defendant in the pursuit of a minuscule claim which defendant has . . . satisfied." *Abrams v. Interco, Inc.,* 719 F.2d 23, 32 (2d Cir. 1983). In such a case, the plaintiff has no legally cognizable interest or personal stake. *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 452 (E.D.N.Y. 2000) (citing *Rand v, Monsanto Co.,* 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."). When a case lacks a legally cognizable interest, a justiciable case or controversy no longer exists and the case must be dismissed for lack of subject matter jurisdiction. *Fox v. Bd. of Trustees of the State Univ. of New York,* 42 F.3d 135, 140 (2d Cir. 1994), *cert. denied,* 515 U.S. 169 (1995); *Abrams,* 719 F.2d at 32.

While the Second Circuit had not had ruled on the issue of mootness when an offer of

4

judgment is made in an FLSA collective action, other courts have. In those cases where no other similarly situated individuals have opted in and the offer of judgment satisfies all damages of the plaintiff, plus all costs and attorney's fees, the courts have held that a Rule 68 offer of judgment moots an FLSA collective action thereby depriving the court of subject matter jurisdiction. *See, e. g. Ward,* 2006 WL 2925650 at *4-6; *Vogel v. American Kiosk Mgmt,* 371 F. Supp.2d 122, 129 (D. Conn. *2005); Mackenzie v. Kindred Hospitals East, L.L.C.,* 276 F. Supp. 2d 1211, 1213 (M.D. Fla. 2003). *Cf. Reed v. TJX Cos.,* 2004 U.S.Dist. LEXIS 21605 at *2 (N.D. Ill. October 27, 2004)(denying motion to dismiss for lack of subject matter jurisdiction because court could not determine from record whether offer of judgment satisfied damages claim and two additional individuals had opted in); *Reyes v, Carnival* Corp*.,* 2005 U.S. Dist. LEXIS 11948 (S.D. Fla. May 25, 2005) (denying motion to dismiss as two individuals opted in after offer and there was a dispute over whether offer of judgment was sufficient); *Geer v. Challenge Fin. Investors Corp.,* 2006 U.S. Dist. LEXIS 10903 (D. Kan March 14, 2006) (denying motion to dismiss as offer covered only two of three opt-in plaintiffs and evidence was insufficient to determine if offer covered all damages); *Raney v. Young & Brooks,* 2005 WL 1249265 (S.D. Tex. April 26, 2005) (denying motion to dismiss as offer of judgment did not include attorney's fees).

In this case, Plaintiff argues that the offer of judgment does not moot his FLSA for three reasons. First, it is argued that subject matter jurisdiction exists because defendant has not fully satisfied Plaintiff's claim. Second, allowing an employer to use an offer of judgment to pick-off a named plaintiff to avoid its legal obligation to other collective action members violates the policies of the FLSA. Third, the case is not moot because federal jurisdiction exists. The Court will address each argument in turn.

Plaintiff's challenge to the sufficiency of the offer of judgment is two-fold. First, it is argued that defendants rely on materials outside the complaint for which no discovery has been taken and he has not had an opportunity to review Defendant's records to determine the amount he is owed. Second, the offer of judgment does not address the request for declaratory relief. Neither of these claims have merit. As set forth above, this Court is permitted to consider materials outside the four corners of the complaint on a Rule 12 (b)(1) motion and may even resolve disputed jurisdictional facts by referring to evidence outside the pleadings. *See, e.g., Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir. 2000). The defendant has submitted copies of Briggs' actual time sheets for each week that Briggs was in its employ. Briggs had possession of these time sheets in the context of this motion. If he had any issues with then he should have raised them on this motion. He did not. *Cf. Ward*, 2006 WL 2925650 at *5.

The time sheets detail the number of hours worked by Briggs for each of the thirty-seven weeks of his employment by Defendant. In twenty-two of those weeks, Briggs worked in excess of 40 hours. The total number of overtime hours was 205.5. Briggs was paid for these hours at his regular rate of $10.00 per hour. He should have been paid at one and one half his regular rate or $15.00 per hour. 29 U.S.C. § 207(a). There is due him an additional $5.00 per hour worked or $1027.50. He is also entitled to liquidated damages in an equal amount, or an additional $1027.50. *Id.* at § 216(b). Thus, under the FLSA Defendant is liable to plaintiff for $2055.00 plus reasonable attorney's fees and costs. *Id.* Briggs was no longer an employee of Defendant when this action was commenced and fails to allege that he was either discharged or discriminated against for filing this action. He is therefore not entitled to equitable relief, which

6

includes declaratory relief. *Id.* at §§ 215(a)(3), 216(b). Moreover, a case and controversy must exist when declaratory relief is sought. *See* 28 U.S.C. § 2201 (requiring a case of actual controversy within the court's jurisdiction for declaratory relief). The offer of judgment for $3,000 plus reasonable attorney's fees, costs, expenses and reasonable expert fees actually incurred exceeds what Briggs could recover at trail.

Plaintiff's second argument is that allowing an employer to use an offer of judgment to pick off a proposed FLSA collective action plaintiff prior to the time that a court permits service of a collective action notice renders the congressionally chosen method for combating the failure to pay overtime a nullity. This argument fails in this case for several reasons. First, there is no pending motion to certify the collective action. *Cf. Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (holding that in a class action context where a class action has not been certified and no motion for class certification has been made, a Rule 68 offer of judgment mooted named class representative's claim requiring dismissal for lack of subject matter jurisdiction). Second, there was nothing to prevent any similarly situated individuals from opting into this action. No one has done so. Finally, the argument is not compelling because even if notice had been sent out, under the FLSA procedure only plaintiffs who affirmatively opt in can benefit from a judgment or be bound by it. *See Damassia v. Duane Reade, Inc.,* 2006 WL 2853971 at *2 (S.D.N.Y. 2006).

Plaintiff's third argument is that the case is not moot because jurisdiction does exist. According to Plaintiff, jurisdiction existed at the time the action was commenced and therefore Briggs should be permitted to continue to represent the putative class and the collective action plaintiffs. This argument fails to recognize, however, that there are no putative class members or

collective action plaintiffs to represent. No collective plaintiffs have opted into this action and class certification has not been sought or granted. Thus, only Plaintiff's individual claims are at stake. Where, as here, a defendant offers all that a plaintiff could hope to recover through litigation, the plaintiff has no legally cognizable interest or personal stake, *Ambalu,* 194 F.R.D. at 452, and "there is no justification for taking the time of the court and defendant in the pursuit of a minuscule claim which defendant has . . . satisfied." *Abrams v. Interco, Inc.,* 719 F.2d 23, 32 (2d Cir. 1983).

In sum, the Court concludes that Defendant's Rule 68 offer of judgment gives Plaintiff all that he could hope to recover on his FLSA claim and thereby renders it moot. Accordingly, the Court lacks subject matter jurisdiction over the FLSA claim.

With respect to Plaintiff's state law claims, the Court exercises its discretion and declines to exercise supplemental jurisdiction over them. *See Bd of Locomotive Eng'rs Div. 269 v. Long Island R.R. Co.,* 85 F.3d 35, 39 92d Cir. 1996).

## *CONCLUSION*

Defendant's Rule 68 offer of judgment did moot Briggs' FLSA claims and therefore the Court GRANTS the motion to dismiss the FLSA claims for lack of subject matter jurisdiction. Further, the Court declines to exercise supplemental jurisdiction over Briggs' state law claims. Accordingly all of Plaintiff's claims are dismissed.

**SO ORDERED**

Dated: Central Islip
      November 14, 2006

                                                                /s/
                                          Denis R. Hurley
                                          United States Senior District Judge